WOLF & WOLF LLP
Jason M. Wolf, (JW 6332)
910 Grand Concourse, Suite 1F
Bronx, New York 10451
(718) 410-0653

Attorneys for Plaintiff Melania Serrano

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------

MELANIA SERRANO

                          Plaintiff

          -against-


BJ'S WHOLESALE CLUB, INC.

                          Defendant.
------------------------------------------------------x

05 CV 5111
(SCR)(GAY)



FIRST AMENDED
COMPLAINT


     The Plaintiff, MELANIA SERRANO, through his attorneys, WOLF & WOLF, LLP, complaining

of the Defendant BJ'S WHOLESALE CLUB INC,  ("BJ's") alleges the following:

1.   Plaintiff brings this action to remedy age discrimination in employment in violation of the Age

     Discrimination in Employment Act of 1967, 29 U.S. § 621-634; and the New York State

     Executive Law ¶ 296 et seq.

## JURISDICTION AND VENUE

2.   On May 21, 2004, Plaintiff filed a Charge of Discrimination against defendant with the United

     States Equal Employment Opportunity Commission (the "EEOC") complaining of the unlawful

acts alleged herein.  On or about February 28, 2005, the EEOC issued Plaintiff a Notice of

Right to Sue, entitling him to commence this action within 90 days of his receipt of that notice.

Plaintiff's initial complaint was instituted within 90 days of his receipt of same.  Plaintiff has thus

complied with all administrative prerequisites to filing this action.

3.  The Court has jurisdiction under), the ADEA, and 28 U.S.C. 1331.  The Court has

supplemental jurisdiction over claims brought pursuant to the Human Rights Law pursuant to 28

U.S.C. 1367.

5.  As the unlawful employment practices complained of herein occurred within, and defendant

regularly does business within the Southern District of New York, venue is proper in this District

pursuant to, the ADEA and 28 U.S.C. 1331.

## PARTIES

6.  Plaintiff is an Hispanic individual residing within the Town of West Haverstraw and County

of Rockland, in the  State of New York.  Plaintiff was born on October 2, 1951, and during the

relevant period described herein was 52 years of age.  Plaintiff is over 40 years of age, and

therefore, is a member of a protected class.  Plaintiff was employed by BJ's until her employment

was terminated on or about September 11, 2003.  Plaintiff is an employee as defined under the

ADEA and the Human Rights Law.

7.  At all times hereinafter mentioned, the Defendant BJ's was and still is a domestic

corporation organized and existing by virtue of the laws of the State of New York.

8.  Upon information and belief, BJ's's is an employer within the meaning the ADEA and the

Human Rights Law.

## FACTUAL BACKGROUND

9.  On or about November 8, 1999, BJ's employed Plaintiff on a hourly basis. Plaintiff received periodic raises over the course of her employment with the defendant.  Plaintiff was terminated on a pretext and without justification or cause on September 11, 2003.

10. While working for the defendant, plaintiff worked both in the food court and at the cash register.  She performed satisfactorily during her entire tenure of employment with the defendant.

.  11.  That during the tenure of plaintiff's employment Frank Varela was the Store Manager of the BJ's's outlet in which plaintiff worked.

12.  That during the tenure of plaintiff's employment Brian Travers was an Assistant Store Manager of the BJ's's outlet in which plaintiff worked.

13.  That during the tenure of plaintiff's employment Paul Veras was an Assistant Store Manager of the BJ's's outlet in which plaintiff worked.

14.  That during the tenure of plaintiff's employment Dan Avery was an Assistant Store Manager of the BJ's's outlet in which plaintiff worked.

15.  At or around August 2003 Paul Veras told plaintiff that "at her old age you should know how to do your job"

16.  That during the entire course of 2003 leading up to her termination plaintiff was denied breaks, including time off for lunch and even to use the bathroom.

17.  That younger similarly situated employees were granted lunch and bathroom breaks.

18.  That when plaintiff complained of her need to go to the bathroom, management told her to "hold it in".  This included instances when plaintiff was working overtime in excess of her usual eight hour shift.

19.  That on August 30, 2003 plaintiff complained of illness and was granted a break by Brian

Travers, an Assistant Store Manager.  She was called back early, called "old and crazy" by Travers, and screamed at by Travers who said to her, "Why do you continue to annoy us by asking for breaks?" Thereafter, she was suspended without pay.

20.  That plaintiff was terminated on or about September 11, 2003 for allegedly stealing 32 cents.

21.  That plaintiff placed this money on the register due to the fact that a customer exchanged an item in which there was a 32 cent difference.  Since a manager was needed and none were available, plaintiff was unable to open the register.

22.  That younger similarly situated. employees were not disciplined as harshly for similar conduct.

23.  That the actions of the defendant were unjustified and pretext for a discrimination based on plaintiff's age.

## COUNT I

24.  Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through and including Paragraph 23 as if fully set forth at length herein.

25.  Defendant discriminated against plaintiff in the terms and conditions of her employment on the basis of his age in violation of the Age Discrimination in Employment Act ("ADEA") and the New York State Executive Law..  Defendant agreed and confederated to participate in these improper acts in violation of the laws against Plaintiff.

26.  Defendant, BJ's, by its agents, servants and employees is responsible for the discriminatory acts perpetrated against the Plaintiff.  This responsibility for the acts of its agents, servants, and employees consisted of, but was not limited to, recklessly, carelessly and negligently causing, hiring permitting, and/or allowing the commission of the acts complained of against Plaintiff, and in failing to meet its responsibility to avoid discriminatory practices and acts of discrimination by its agents,

servants, and employees.

27. As a result of these discriminatory acts and practices, Plaintiff has suffered, is suffering and will continue to suffer irreparable harm, monetary damages, mental anguish and humiliation, unless and until this Court grants relief.

28. Defendant acted intentionally and/or with malice and reckless indifference to Plaintiff's rights under the ADEA, and the New York State Executive Law

29. Defendant's violation of Plaintiff's rights to be free of age discrimination in the terms and conditions of his employment was willful.

## COUNT II

30. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through and including Paragraph 29 as if fully set forth at length herein.

30 Defendant's acts constituted a hostile work environment in that the continuous denial of bathroom and lunch time breaks coupled with constant references to plaintiff's age in a derogatory manner from May 2003 through September 2003 placed plaintiff in constant fear and anxiety

31. That said conduct was severe and pervasive.

32. Defendant, BJ's, by its agents, servants and employees is responsible for the discriminatory acts perpetrated against the Plaintiff. This responsibility for the acts of its agents, servants, and employees consisted of, but was not limited to, recklessly, carelessly and negligently causing, hiring permitting, and/or allowing the commission of the acts complained of against Plaintiff, and in failing to meet its responsibility to avoid discriminatory practices and acts of discrimination by its agents, servants, and employees.

33. As a result of these discriminatory acts and practices, Plaintiff has suffered, is suffering and will

continue to suffer irreparable harm, monetary damages, mental anguish and humiliation, unless and until this Court grants relief.

34. Defendant acted intentionally and/or with malice and reckless indifference to Plaintiff's rights under the ADEA, and the New York State Executive Law.

35. Defendant's violation of Plaintiff's rights to be free of a hostile work environment in the terms and conditions of his employment was willful.

## Request for Jury

36. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all the issues in this action.

**WHEREFORE,** Plaintiff prays for Judgment against Defendant for the following relief:

Declaring the acts and practices complained of herein to be violation of the ADEA, the Human Rights Law, and to be retaliatory in nature.

Enjoining and permanently restraining these violations of the ADEA, and the Human Rights Law;

Directing the defendant to take such affirmative steps as are necessary to ensure that the effects of these unlawful practices are eliminated and do not continue to affect plaintiff's employment opportunities;

Directing defendant to place Plaintiff in the position she would have occupied but for defendant's discriminatory treatment of her, and making her whole for all earnings and other benefits she would have received but for defendant's discriminatory treatment, including but not limited to wages, fringe benefits, and other lost benefits and interest thereon;

Directing defendant to pay to plaintiff compensatory, liquidated and punitive damages and

interest thereon, under 42 U.S.C. 1981(a);

Directing defendant pursuant to the ADEA and the New York State Executive Law to pay

plaintiff compensatory damages, including damages for emotional distress, humiliation, and

pain and suffering, and interest thereon;

Awarding Plaintiff the costs of this action, together with reasonable attorneys' fees, as

provided by the ADEA; and

Such other and further relief as this Court may deem just and proper.


Dated:  Bronx, New York
       December 13, 2005

'

       WOLF & WOLF, LLP
       Attorneys for Plaintiff
       910 Grand Concourse, Ste. 1F
       Bronx, New York 10451
       (718) 410-0653

By:     _____
       Jason M. Wolf, Esq.


To:    Daniel Duff, Esq.
     Jackson Lewis LLP
     One North Broadway
     White Plains, New York 10603